UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,                        Civil No. 24-cv-10440

vs.                                        Honorable:
                                            Magistrate Judge:

Winchester 62A Rifle CAL:22,
SN:217307,

        Defendant *In Rem*.
_____/

## COMPLAINT FOR FORFEITURE

NOW COMES Plaintiff, the United States of America, by and through DAWN N. ISON, United States Attorney for the Eastern District of Michigan, and GJON JUNCAJ, Assistant United States Attorney, and states upon information and belief as follows in support of this Complaint for Forfeiture:

1. This is an *in rem* civil forfeiture action pursuant to 18 U.S.C. § 924(d)(1).

2. This Court has original jurisdiction over this proceeding pursuant to 28 U.S.C. § 1345 as this action is being commenced by the United States of America as Plaintiff.

3. This Court has jurisdiction over this forfeiture action, pursuant to 28 U.S.C. § 1355(b)(1)(A), as the acts giving rise to the forfeiture occurred in the Eastern District of Michigan.

4. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the Government's claims occurred in the Eastern District of Michigan.

5. Venue is also proper before this Court pursuant to 28 U.S.C. § 1395(b) as the defendant *in rem* was found and seized in the Eastern District of Michigan.

## DEFENDANT *IN REM*

6. The defendant *in rem* (or "defendant firearm") is one (1) Winchester 62A Rifle CAL:22, Serial No. 217307. The defendant firearm was seized by law enforcement on or about April 12, 2023, pursuant to a federally authorized search warrant executed at 7XX Simcoe Avenue in Flint, Michigan.

## STATUTORY BASIS FOR CIVIL FORFEITURE

7. Title 18, United States Code, Section 924(d)(1) governs the civil forfeiture of any firearm or ammunition, which has been shipped or transported in interstate or foreign commerce, possessed by any person

"who is an unlawful user of or addicted to any controlled substance (as defined in section 102 of the Controlled Substances Act) (21 U.S.C. 802))" in violation of Title 18, United States Code, Section 922(g)(3):

> Any firearm or ammunition involved in or used in any knowing violation of subjection (a)(4), (a)(6), (f), (g), (h), (i), (j), or (k) of section 922 . . . or knowing violation of section 924, or willful violation of any other provision of this chapter or any rule or regulation promulgated thereunder, or any violation of any other criminal law of the United States, or any firearm or ammunition intended to be used in any offense referred to in paragraph (3) of this subsection, where such intent is demonstrated by clear and convincing evidence, shall be subject to seizure and forfeiture....

18 U.S.C. § 924(d)(1).

## FACTUAL BASIS IN SUPPORT OF FORFEITURE

8. Evidence that the defendant firearm is forfeitable to the United States of America includes, but is not limited to, the following:

a) On April 12, 2023, federal law enforcement, including agents of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), executed a search warrant at residence located at 7XX Simcoe Avenue in Flint, Michigan

b) During the search warrant execution at 7XX Simcoe Avenue law enforcement recovered methamphetamine from a bedroom in the

3

residence. Methamphetamine is classified as a controlled substance under the Controlled Substances Act.

  c) The defendant firearm was also seized from 7XX Simcoe during the execution of the search warrant on April 12, 2023. The defendant firearm was seized from the same bedroom that law enforcement seized methamphetamine from.

  d) During the search warrant execution, law enforcement conducted a recorded consensual interview with M.A., a resident of 7XX Simcoe Avenue. M.A. waived her Miranda rights prior to the interview. During the interview M.A. told law enforcement that the seized methamphetamine ("meth") and defendant firearm were hers. She further advised law enforcement that she consumes meth at least once a week and that the last time she consumed meth was the day before the search warrant execution.

## CLAIM

  9. Plaintiff re-alleges and incorporates by reference each and every allegation contained above in Paragraphs 1 through 8, and the subparagraphs thereunder.

4

10. The defendant firearm is forfeitable to the United States of America pursuant to 18 U.S.C. § 924(d)(1), because it is property involved in or used in a knowing violation of 18 U.S.C. § 922(g)(1).

## **CONCLUSION AND RELIEF**

WHEREFORE, Plaintiff respectfully requests that a warrant for arrest of the defendant firearm be issued; that due notice be given to all interested parties to appear and show cause why forfeiture should not be decreed; that judgment be entered declaring the defendant firearm to be condemned and forfeited to the United States for disposition according to law; and that the United States be granted such other further relief as this Court may deem just and proper together with costs and disbursements of this action.

Respectfully submitted,

DAWN N. ISON
United States Attorney

s/GJON JUNCAJ
GJON JUNCAJ(P63256)
U.S. Attorney's Office
211 W. Fort Street, Ste. 2001
Detroit, MI 48226
(313) 226-0209
Dated: February 22, 2024    Email: gjon.juncaj@usdoj.gov

5

## **VERIFICATION**

I, Nathan Sutara, am a Special Agent with the Bureau of Alcohol, Tobacco, Firearm and Explosives. I have read the foregoing Complaint for Forfeiture and declare under penalty of perjury that the facts contained therein are true to the best of my knowledge and belief, based upon knowledge possessed by me and/or on information received from other law enforcement agents.

_____
Nathan Sutara, ATF Special Agent

Dated: February 22, 2024